# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-50201
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIKE RENTERIA ANDERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-185-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mike Renteria Anderson appeals his guilty plea conviction for aiding and abetting possession with intent to distribute heroin. See 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C). He argues that the district court erred in denying his motion to suppress evidence seized from his residence, an apartment. Anderson argues that the confidential informant may have consented to the search but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lacked the authority to consent. He also challenges as clearly erroneous the district court's determination that exigent circumstances existed.

"The standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003) (internal quotation marks and citation omitted). The issue of consent to search is a factual one, reviewable for clear error. United States v. Freeman, 482 F.3d 829, 831-32 (5th Cir.), cert. denied, 128 S. Ct. 192, 291 (2007). A warrantless search is justified if it was conducted with voluntary consent "obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). We accord due deference to the credibility determinations of the district court. United States v. Solis, 299 F.3d 420, 437 (5th Cir. 2002).

The district court did not clearly err in determining that the confidential informant had actual authority to consent to the search of the apartment. See United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997). Even if the record did not support that finding, as the district court alternatively found, the evidence supports the finding that the officers reasonably believed that the confidential informant was a resident. See id. Even in the absence of exigent circumstances, which the district court found to exist as a result of Anderson's conduct, the search of the common areas of the apartment was justified by the actual or apparent authority of the confidential informant. See Matlock, 415 U.S. at 171; Gonzales, 121 F.3d at 938. We accord due deference to the district court's finding that after officers entered the apartment, Anderson, Esquivel, and the confidential informant consented to the search of the apartment. See Solis, 299 F.3d at 437.

Anderson does not address the district court's finding that the heroin and cocaine were found in plain view. Anderson has abandoned the issue by failing to argue it on appeal. See United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992).

Anderson argues for the first time on appeal that he was detained inside the apartment without probable cause or reasonable suspicion. Anderson's argument involves factual issues that could have been determined by the district court. Anderson has not shown plain error. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

AFFIRMED.